UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ROBERT SCHEICK,

          Plaintiff,

v.

TECUMSEH PUBLIC SCHOOLS,

          Defendant.

_____/

Case No.: 11-10493

Hon.

Richard N. LaFlamme P32641
LaFlamme & Mauldin, P.C.
Attorneys for Plaintiff
2540 Spring Arbor Road
Jackson, Michigan 49203
(517) 784-9122
rlaflamme@lm-law.net
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Robert Scheick, by his attorneys, LaFlamme & Mauldin, P.C., says as follows:

## NATURE OF CLAIM

1. Plaintiff alleges age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* and the Michigan Elliott-Larsen Civil Rights Act, MCL §37.2101 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367.

3. The actions alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan.

## PARTIES

4. Plaintiff, Robert Scheick, is a citizen of the United States over the age of 40, and a

resident of the State of Michigan.

5. Defendant, Tecumseh Public Schools, is a public body organized and existing under the laws of the State of Michigan located within the Eastern judicial district of the State of Michigan, has continuously had in excess of 20 employees, and is an employer within the meaning of 29 U.S.C. §621 *et seq*.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Prior to the institution of this lawsuit, Plaintiff filed a timely administrative claim jointly with the EEOC and the Michigan Department of Civil Rights, and received a right to sue notice, a copy of which is attached as Exhibit A to this Complaint. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

7. Plaintiff was employed by Defendant as its High School Principal from July 2004 to June 30, 2007, when he volunteered to elect retirement so that Defendant could re-employ him through Professional Educational Services Group, LLC, ("PESG"), a professional staffing company, which allowed Defendant to continue to utilize Plaintiff's services at a reduced cost to Defendant.

8. From July 1, 2007, to June 30, 2010, Defendant contracted for Plaintiff's services as its High School Principal through PESG.

9. Although PESG paid Plaintiff's wages, Defendant continued to exercise the same control over Plaintiff as it had exercised when Plaintiff was directly employed by Defendant, which included complete control over Plaintiff's work assignments, the means and manner of his performance, and his hours of employment.

10. Plaintiff remained subject to the direct supervision of Defendant's superintendent

in all respects and at all times during his employment through PESG.

11. Throughout his employment for Defendant through PESG Plaintiff performed his duties in a manner that met or exceeded all reasonable requirements of the position.

12. On February 25, 2010, before conducting a performance evaluation of Plaintiff, Defendant's superintendent informed Plaintiff that Defendant's Board of Education wanted Plaintiff to retire.

13. On February 26, 2010, Defendant's superintendent informed Plaintiff that the board wanted someone younger than Plaintiff.

14. On March 9, 2010, Plaintiff received a copy of a letter from Defendant to PESG notifying PESG that Plaintiff would be removed from his position as High School Principal as of June 30, 2010.

15. On March 15, 2010, Defendant's superintendent reiterated to Plaintiff that Defendant's board wanted to hire some one younger to replace Plaintiff.

16. Plaintiff was in fact terminated from his position effective June 30, 2010.

17. The person hired by Defendant to replace Plaintiff as High School Principal is much younger than Plaintiff.

18. Plaintiff is informed and believes that the termination of his position as Defendant's High school Principal was intentional, was done with malice or with reckless indifference to Plaintiff's rights, and constitutes unlawful age discrimination.

19. As a direct and proximate result of the termination of his position by Defendant, Plaintiff has suffered and continues to suffer damages in the nature of lost wages and benefits and has experienced emotional distress, embarrassment and humiliation.

## COUNT I

(Federal Age Discrimination Claim)

20. Plaintiff repeats the preceding allegations.

21. Defendant's removal of Plaintiff from his position because of his age is a violation of 29 U.S.C. §621 *et seq*.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendant to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendant to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendant to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

F. Award Plaintiff costs of this action.

## COUNT II

(State Age Discrimination Claim)

22. Plaintiff repeats the preceding allegations.

23. Defendant's removal of Plaintiff from his position because of his age is a violation of MCL §37.2101 *et seq*.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendant to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendant to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper.

F. Award Plaintiff costs of this action.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by his complaint.

Respectfully Submitted,

February 7, 2011
/S/ Richard N. LaFlamme
Richard N. LaFlamme
LaFlamme & Mauldin, P.C.
Attorneys for Plaintiff
2540 Spring Arbor Road
Jackson, Michigan 49203
(517) 784-9122
rlaflamme@lm-law.net

5